**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**PUERTO RICO DEPARTMENT OF PUBLIC SAFETY,
PUERTO RICO 9-1-1 EMERGENCY SYSTEMS BUREAU,**

**Plaintiffs,**

**v.**

**TRACFONE WIRELESS, INC.,**

**Defendants.**

**CASE NO. 20-1697 (GAG)**

## MEMORANDUM ORDER

On December 7, 2021, Defendant Tracfone Wireless, Inc. ("Tracfone") filed before this Court a Notice of Removal, pursuant to 28 U.S.C. §§ 1332; 1441; 1446. (Docket No. 1). Specifically, Tracfone puts forward that removal was premised on "diversity of citizenship" because "Defendant Tracfone is a Delaware corporation with its principal place of business in Florida" and "Plaintiffs are Puerto Rico Government entities, and are *undoubtedly citizens of Puerto Rico*." Id. at 2 (emphasis added). The latter assertion is legally flawed. Consequently, this case is hereby **REMANDED** to the Commonwealth of Puerto Rico Court of First Instance. This Court lacks subject-matter jurisdiction given that complete diversity jurisdiction is absent.

It is well-settled law that, as courts of limited jurisdiction, federal courts must construe their jurisdictional grants narrowly. See Destek Grp., Inc. v. State of New

**Civil No. 20-1697 (GAG)**

Hampshire Pub. Utilities Comm'n, 318 F.3d 32,38 (1st Cir. 2003). Although none of the parties raised the precise issue of diversity jurisdiction addressed in this opinion, the Court has an unflagging duty to do so. See González v. Thaler, 565 U.S. 134, 141 (2012) ("[C]ourts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction *sua sponte*.").

      Here removal was premised on the flawed assumption that two Commonwealth of Puerto Rico Executive Branch *agencies* are citizens of Puerto Rico for purposes of the diversity statute, 28 U.S.C. § 1332. However, it is a tenet of federal jurisdiction that a "State" is *not* a citizen for purposes of this statute. See Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487 (1894) ("A State is not [itself] a citizen. And, under the Judiciary Acts of the United States, it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different States."); U.S.I. Properties Corp. v. M.D. Const. Co., 230 F.3d 489, 499-500 (1st Cir. 2000)("Congress has not empowered the federal courts to exercise diversity jurisdiction over the states."). See also Krisel v. Duran, 386 F.2d 179, 181 (2d Cir. 1967); 14C Charles Alan Wright & Arthur R. Miller, Removal Based on Diversity of Citizenship and Alienage Jurisdiction, FED. PRAC. & PROC. JURIS. § 3723 (4th ed. 2017) ("Since it is well established that a state is not a 'citizen' of any state, it follows that when a state is a real party in interest, the case cannot be removed on the basis of diversity jurisdiction.").

**Civil No. 20-1697 (GAG)**

Likewise, neither the Commonwealth of Puerto Rico nor its *agencies* are considered citizens of a "State" under the diversity statute. 28 U.S.C. § 1332 (e). See also U.S.I. Properties Corp., 230 F.3d 489 at 500 ("By the express terms of the statute, the diversity jurisdiction does not ever extend to the states, nor does it extend to Puerto Rico"); Krisel, 386 F.2d at 181, n. 1 ("28 U.S.C. § 1332[e] equates Puerto Rico, for purposes of the diversity statute, with the 'States'"). More importantly, the rule that neither "Puerto Rico" nor a "State" is subject to diversity jurisdiction extends to their alter egos – say a department of state government or an official-capacity state actor – as the alter ego of the "State" stands in the same position as the "State" for diversity purposes. See N.E. Fed. Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988); Moor v. Alameda County, 411 U.S. 693, 718 (1973); University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200, 1202-03 (1st Cir. 1993). The test is basically the same as that used to determine whether "an agency is sufficiently an arm of the state to qualify for the protection of the Eleventh Amendment." N.E. Fed. Credit Union, 837 F.2d at 534.

It is unquestionable that Defendants Puerto Rico Department of Public Safety and Puerto Rico 9-1-1 Emergency Systems Bureau, unlike public instrumentalities or corporations, are an "arm of" the Commonwealth of Puerto Rico. See Fresenius Med. Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61-65 (1st Cir. 2003); Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico, 144 F.3d 7, 10 (1st Cir. 1998); Nieves v. University of Puerto Rico, 7 F.3d

**Civil No. 20-1697 (GAG)**

270, 272 (1st Cir. 1993). As a result, there can be no federal diversity jurisdiction in the action sought to be removed. See Com. of Puerto Rico v. Cordeco Dev. Corp., 534 F. Supp. 612, 616 (D.P.R. 1982).

Given that removal was clearly improvident, just costs and attorney fees are awarded to Plaintiffs, under 28 U.S.C. 1447(c).[1] Plaintiffs shall file a motion, **on or before February 5, 2021**, to this effect and for the Court's approval.

Counsel for both parties, who signed the notice of removal and moved to dismiss on abstention grounds, are hereby **ORDERED** to take within the next six (6) months a two-hour minimum CLE course on Federal Jurisdiction. *Alternatively*, counsel shall certify to this Court that they have read the following law review articles: (1) Henry J. Friendly, The Historic Basis of Diversity Jurisdiction, 41 HARV. L. REV. 483 (1928); (2) James William Moore & Donald T. Weckstein, Diversity Jurisdiction: Past, Present, and Future, 43 TEX. L. REV. 1 (1964), and (3) Thomas E. Baker, Thinking About Federal Jurisdiction-of Serpents and Swallows, 17 ST. MARY'S L.J. 239 (1986).

**SO ORDERED.**

In San Juan, Puerto Rico this 21st day of January, 2021.

> *s/ Gustavo A. Gelpí*
> GUSTAVO A. GELPI
> United States District Judge

---

[1] Given that the Commonwealth Justice Department represents Plaintiffs through its own attorneys, rather than outside counsel, it is likely that removing Defendant will avoid having to pay attorney fees and possibly costs.